| | |
|---|---|
| HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC, | )<br>)<br>) Case No. 1:18-cv-68<br>) |
| Plaintiffs, | )<br>) NON-JURY |
| v. | )<br>) |
| Health Services, Manchester, LLC d/b/a Horizon Health & Rehab Center; Knoxville Healthcare, LLC d/b/a Westmoreland Health and Rehab; Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village; Madisonville Healthcare, LLC d/b/a Madisonville Health and Rehab; Waynesboro Healthcare, LLC d/b/a Waynesboro Health and Rehab Center; Covington Healthcare, LLC d/b/a River Terrace Health & Rehab Center; Hidden Acres Healthcare, LLC d/b/a Mt. Pleasant Health and Rehab Center; and Health Services Management Group, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiffs, HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC (collectively, "Heritage" or "Plaintiffs), complaining of the Defendants Health Services, Manchester, LLC d/b/a Horizon Health & Rehab Center; Knoxville Healthcare, LLC d/b/a Westmoreland Health and Rehab; Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village; Madisonville Healthcare, LLC d/b/a Madisonville Health and Rehab; Waynesboro Healthcare, LLC d/b/a Waynesboro Health and Rehab Center; Covington Healthcare, LLC d/b/a River Terrace Health & Rehab Center; Hidden Acres Healthcare, LLC

d/b/a Mt. Pleasant Health and Rehab Center; and Health Services Management Group, LLC ("Defendants"), allege and say:

## I.   THE PARTIES

1.   HealthPRO Heritage, LLC is a limited liability company formed in South Carolina, with its Principal Office located at 307 International Circle Suite 100, Hunt Valley, Maryland 21030. The sole member of HealthPRO Heritage, LLC is a resident and citizen of the State of Delaware.

2.   Rehab Solutions (North Carolina), LLC is a limited liability company formed in North Carolina, with its Principal Office located at 536 Old Howell Road, Greenville, South Carolina 29615. The sole member of Rehab Solutions (North Carolina), LLC is a resident and citizen of the State of Delaware. Rehab Solutions (North Carolina), LLC is successor-in-interest under the Service Agreements (as defined *supra*) and Settlement Agreements (as defined *supra*) to Rehab Solutions, Inc., a terminated Tennessee corporation.

3.   Health Services, Manchester, LLC d/b/a Horizon Health & Rehab Center is a non-profit Tennessee limited liability company. On information and belief, the sole member of Health Services, Manchester, LLC is a resident and citizen of the State of Tennessee.

4.   Knoxville Healthcare, LLC d/b/a Westmoreland Health and Rehab is a non-profit Tennessee limited liability company. On information and belief, the sole member of Knoxville Healthcare, LLC is a resident and citizen of the State of Tennessee.

5.   Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village is a Wisconsin non-stock corporation with its principal address listed as 485 Central Avenue NE, Cleveland, Tennessee 37311-5541.

6. Madisonville Healthcare, LLC d/b/a Madisonville Health and Rehab is a Tennessee non-profit limited liability company. On information and belief, the sole member of Madisonville Healthcare, LLC is a resident and citizen of the State of Tennessee.

7. Waynesboro Healthcare, LLC d/b/a Waynesboro Health and Rehab Center is a non-profit Tennessee limited liability company. On information and belief, the sole member of Waynesboro Healthcare, LLC is a resident and citizen of the State of Tennessee.

8. Covington Healthcare, LLC d/b/a River Terrace Health & Rehab Center is a non-profit Tennessee limited liability company. On information and belief, the sole member of Covington Healthcare, LLC is a resident and citizen of the State of Tennessee.

9. Hidden Acres Healthcare, LLC d/b/a Mt. Pleasant Health and Rehab Center is a non-profit Tennessee limited liability company. On information and belief, the sole member of Hidden Acres Healthcare, LLC is a resident and citizen of the State of Tennessee.

10. Health Services Management Group, LLC is a Tennessee limited liability company. On information and belief, the two members of Health Services Management Group, LLC are residents and citizens of the State of Tennessee.

11. The registered agent for each of the Defendants, excepting Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village, is Thomas D. Johnson, 485 Central Avenue NE, Cleveland, Tennessee 37311-5541.

12. The registered agent for Defendant Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village is CT Corporation System, 301 S. Beford Street, Suite 1, Madison, Wisconsin 53703.

13. The principal place of business for each of the Defendants is 485 Central Avenue, Cleveland, Tennessee 37311.

## II. JURISDICTION AND VENUE

14. This Court has personal jurisdiction over the Defendants because they reside and regularly transact business within the State of Tennessee.

15. This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs and Defendants (collectively, the "Parties"), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

17. This matter is appropriate for a bench trial in that Defendants waived their right to a jury trial by virtue of the Settlement Agreement (as defined *supra*).

## III. FACTS

18. Plaintiffs and Defendants entered into Service Agreements along with amendments thereto (collectively the "Service Agreements") pursuant to which Plaintiffs provided rehabilitation therapy services ("Services") to the facilities owned and operated by Defendants (collectively, the "Facilities").

19. Defendants were obligated to compensate Plaintiffs for such Services provided under the Service Agreements.

20. Defendants failed to make payments to Plaintiffs under the Service Agreements, thus defaulting under the Service Agreements.

21. The total outstanding balance owed by the Defendants Health Services, Manchester, LLC d/b/a Horizon Health & Rehab Center; Knoxville Healthcare, LLC d/b/a

Westmoreland Health and Rehab; Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village; Madisonville Healthcare, LLC d/b/a Madisonville Health and Rehab; Waynesboro Healthcare, LLC d/b/a Waynesboro Health and Rehab Center; Covington Healthcare, LLC d/b/a River Terrace Health & Rehab Center; and Hidden Acres Healthcare, LLC d/b/a Mt. Pleasant Health and Rehab Center (collectively, the "Defendants") to Plaintiffs for Services provided through March 2017 under the Service Agreement was One Million Five Hundred Fifty-Eight Thousand Eighty-Four and 04/100 Dollars ($1,558,084.04).

22. The total outstanding balance owed by Defendants is in the amount of One Million Five Hundred Fifty-Eight Thousand Eighty-Four and 04/100 Dollars ($1,558,084.04) (the "Default Balance").

23. Despite written notices from Plaintiffs, Defendants did not and have not cured the default on the Service Agreements and the Default Balance remains outstanding.

24. Pursuant to that certain Settlement Agreement dated April 15, 2017 (the "Settlement Agreement"), the Defendants agreed that the indebtedness evidenced by the Service Agreements was in default, and that the Default Balance is fully enforceable and is not subject to any defense or counterclaim, or to any claim of setoff, recoupment, offset or deduction. A true executed copy of the Settlement Agreement is attached as **Exhibit A** and incorporated herein by this reference.

25. Health Services Management Group, LLC ("Guarantor") guaranteed the Default Balance in the Settlement Agreement.

26. Pursuant to the Settlement Agreement, upon Defendants' default and without further notice, the Defendants agreed that Plaintiffs are entitled to complete and file the Consent Judgment attached thereto (the "Consent Judgment") with a court of competent jurisdiction, and

5
CHD-723318
Case 1:18-cv-00068-TRM-SKL   Document 1   Filed 04/19/18   Page 5 of 12   PageID #: 5

to take any other actions necessary to enforce their rights. A true executed copy of the Consent Judgment is attached on Exhibit A behind the Settlement Agreement and incorporated herein by this reference.

27. The entirety of the Default Balance remains outstanding under the Settlement Agreement.

28. Plaintiffs accelerated the Default Balance pursuant to written Demand Letters dated November 7, 2017 and March 23, 2018.

29. Under the Settlement Agreement, each Defendant is jointly and severally liable for the Default Balance.

30. Upon information and belief, River Terrace has entered into a purchase agreement (the "Purchase Agreement") to sell Covington Healthcare, LLC d/b/a River Terrace Health & Rehab Center ("River Terrace") to a third-party – with a scheduled closing date of May 1, 2018 (the "River Terrace Sale").

31. Section 6 of the Settlement Agreement, in its entirety, states as follows:

> **6. Sale or Change of Control**. Upon the closing of a transaction constituting a Change of Control or Sale of Real Property (each, a "Closing") of any of the [Defendants] or Facilities ("Transferred Facility"), the [Defendants] shall immediately pay to [Plaintiffs] an amount equaling the total remaining outstanding balance owed to [Plaintiffs] by the Transferred Facility. In addition, promptly following a Closing, [Plaintiffs] will provide the [Defendants] with an invoice for all Services provided that were unbilled as of such Closing (the "Interim Obligations"). The [Defendants] shall pay all amounts due with respect to the Interim Obligations within three (3) business days of receipt of such invoice. Furthermore the [Defendants] shall notify [Plaintiffs] of any Change of Control or Sale of Real Property, including but not limited to, providing [Plaintiffs] fifteen (15) days' prior written notice of the Closing date. Upon each Closing, the [Defendants] agree that the [Defendants] shall not make any transfers, payments, or distributions to any affiliates, insiders, principals or equity holders of the [Defendants] until [Plaintiffs] is paid in full the Closing Payment. A "Change of Control" shall be defined as the direct or indirect sale or transfer of any kind, in one or more

6

CHD-723318
Case 1:18-cv-00068-TRM-SKL   Document 1   Filed 04/19/18   Page 6 of 12   PageID #: 6

transactions, whether by sale of assets, sale of equity interests, merger, reorganization or otherwise, by the beneficial owners thereof of a majority of the assets of or ownership interest in any the [Defendants]. A "Sale of Real Property" shall mean the direct or indirect sale or transfer of any kind of the real property utilized by any of the [Defendants], or owned by any of the [Defendants].

32. River Terrace has not sent Plaintiffs timely notice of the sale, as required by the Section 6 of Settlement Agreement.

33. Upon information and belief, the Purchase Agreement does not provide any mechanism for payment of the Outstanding Balance to Plaintiffs.

## IV. FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

34. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. Defendants have failed to make the required payments due under the Settlement Agreement. Accordingly, Defendants have defaulted and are in material breach of the Settlement Agreement.

36. Because of Defendants' defaults, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Settlement Agreement, enter the Consent Judgment as completed by Plaintiffs in their favor and against Defendants, award Plaintiffs their attorney fees and costs associated with exercising their rights under the Settlement Agreement, and award such further and other relief as the Court may deem just and proper.

## V. SECOND CLAIM FOR RELIEF

**(Breach of Contract)**

37. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 36.

38. Defendants have failed to provide notice to Plaintiffs of the Purchase Agreement or River Terrace Sale as required under the Settlement Agreement. Accordingly, Defendants have defaulted and are in material breach of the Settlement Agreement.

39. Because of Defendants' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Settlement Agreement, enter the Consent Judgment as completed by Plaintiffs in their favor and against Defendants, award Plaintiffs their attorney fees and costs associated with exercising their rights under the Settlement Agreement, and award such further and other relief as the Court may deem just and proper.

## VI. THIRD CLAIM FOR RELIEF

### (Declaratory Judgment)

40. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 39.

41. The Settlement Agreement is a valid and enforceable contract, and sets forth the rights of Plaintiffs with regard to the agreed damages, judgment and award against the Defendants.

42. Defendants have failed to provide notice to Plaintiffs of the Purchase Agreement or River Terrace Sale as required under the Settlement Agreement. Accordingly, Defendants have defaulted and are in material breach of the Settlement Agreement.

43. Plaintiffs will suffer damages if the River Terrace Sale is consummated and proceeds are distributed in violation of the Settlement Agreement.

44. In final resolution of any controversy between Plaintiffs and Defendants relating to the Settlement Agreement, Plaintiffs are entitled to a declaration of their rights against Defendants as follows:

(a) The Settlement Agreement is a valid contract, enforceable against Defendants in accordance with their respective terms;

(b) River Terrace is jointly and severally liable for the Default Balance;

(c) Defendants will pay to Plaintiffs the proceeds of the River Terrace Sale up to the amount of the Default Balance prior to any transfers, payments, or distributions to any affiliates, insiders, principals or equity holders of the Defendants.

WHEREFORE, Plaintiffs request that the Court enter an Order declaring that:

A. The Settlement Agreement is a valid contract, enforceable against the Defendants in accordance with their respective terms;

B. River Terrace is jointly and severally liable to Plaintiffs for the amounts set forth in the Consent Judgment as completed by Plaintiffs;

C. Defendants will pay to Plaintiffs the proceeds of the River Terrace Sale up to the amount of the Default Balance prior to any transfers, payments, or distributions to any affiliates, insiders, principals or equity holders of the Defendants; and

D. Plaintiffs shall have and receive any other relief as may be granted by the Court.

## VII. FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment)

45. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 44.

46. The Settlement Agreement is a valid and enforceable contract, and sets forth the rights of Plaintiffs with regard to the agreed damages, judgment and award against the Defendants.

9

47. In final resolution of any controversy between Plaintiffs and Defendants relating to the Settlement Agreement, Plaintiffs are entitled to a declaration of their rights against Defendants as follows:

    (a) The Settlement Agreement is a valid contract, enforceable against Defendants in accordance with their respective terms;

    (b) Defendants are liable to Plaintiffs for the amounts stated in the Consent Judgment as completed by Plaintiffs;

    (c) Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

    (d) Plaintiffs are entitled to judgment for the amounts set forth in the Consent Judgment as completed by Plaintiffs, in their favor against Defendants, with such Consent Judgment to accrue interest after entry at the maximum rate allowed by law until paid in full; and

    (e) Plaintiffs are entitled to judgment against Defendants for all of their attorney fees and costs associated with collecting the Indebtedness, and enforcing the Settlement Agreement, all as to be shown by an affidavit of counsel for Plaintiffs to be filed with the Court.

WHEREFORE, Plaintiffs request that the Court enter an Order declaring that:

E. The Settlement Agreement is a valid contract, enforceable against the Defendants in accordance with their respective terms;

F. The Defendants are liable to Plaintiffs for the amounts set forth in the Consent Judgment as completed by Plaintiffs;

G. The Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

H. Plaintiffs are entitled to judgment and award of the amounts set forth in the Consent Judgment with interest to accrue after entry at the maximum rate allowed by law until paid in full;

I. Plaintiffs are entitled to judgment and award of all of their attorney fees and costs associated with collecting the Default Balance; and

J. Plaintiffs shall have and receive any other relief as may be granted by the Court.

Respectfully submitted, this 19th day of April, 2018.

**HUSCH BLACKWELL LLP**

By: */s/Caleb T. Holzaepfel*
Michael K. Alston (TN BPR #013697)
Caleb T. Holzaepfel (TN BPR #33356)
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
michael.alston@huschblackwell.com
caleb.holzaepfel@huschblackwell.com

*Counsel for HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC*

## COST BOND

We hereby acknowledge and bind ourselves for the payment of all non-discretionary costs that may be adjudged herein against HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC, the principals, in the event that the principals do not pay them.

Witness my hand this 19th day of April, 2018.

**HUSCH BLACKWELL LLP**

By: */s/Caleb T. Holzaepfel*
Michael K. Alston (TN BPR #013697)
Caleb T. Holzaepfel (TN BPR #33356)
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
michael.alston@huschblackwell.com
caleb.holzaepfel@huschblackwell.com

*Counsel for HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC*